UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANNISA M. OWEN,<br><br>    Plaintiff,<br><br>vs.<br><br>SUGAR FACTORY, LLC,<br><br>    Defendants. | Case No. 2:12-cv-00958-GMN-GWF<br><br>**ORDER**<br>Application to Proceed in Forma Pauperis (#1) and Screening of Complaint |

  This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#2), filed on June 6, 2012.

## BACKGROUND

  Plaintiff alleges claims for age discrimination, hostile work environment, and retaliation for engaging in protected activity. Generally, Plaintiff claims that she made verbal and written complaints to the human resources department of Sugar Factory, LLC regarding sexual harassment, age discrimination, hostility, not receiving scheduled breaks, unequal treatment, and unfair working conditions. Plaintiff alleges that Defendant ignored her concerns and failed to take any action to correct the behavior. Plaintiff further claims that because she expressed these concerns, Plaintiff was subjected to a hostile work environment, was retaliated against, and ultimately discharged for filing a complaint with the Equal Employment Opportunity Commission. (EEOC). As a result, Plaintiff requests $200,000 in damages and a letter of recommendation from Sugar Factory, LLC and Cabo Wabo Cantina.

. . .

. . .

**DISCUSSION**

I.   **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Owen's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

II.  **Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

III. **Instant Complaint**

It appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or

she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC and subsequently filed this action within 90 days. Thus it appears Plaintiff has exhausted her administrative remedies.

      **A.**    **Age Discrimination Claim**

The Age Discrimination in Employment Act prohibits discrimination against employees who are age 40 and over because of their age. *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201 (9th Cir. 2008). In order to establish a prima facie case of age discrimination, plaintiff must establish that she was: (a) at least forty years old; (b) performing her job satisfactorily; (c) discharged; and (d) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Id.* Plaintiff alleges Defendant discriminated against her based on age by assigning her undesirable work assignments that younger coworkers were not assigned to do. Plaintiff further alleges that she was not treated the same as coworkers with the same job title and was continually given disciplinary warnings for actions regularly excused for others. Plaintiff fails to state her age in her complaint; however, the Charge of Discrimination form (#2-1) attached to her complaint indicates that she is currently 43 years old. Plaintiff fails to provide factual information indicating that she was replaced by a substantially younger employee or discharged for reasons that infer age discrimination. The Court will therefore grant Plaintiff leave to amend her complaint to allege facts sufficient to state a claim for age discrimination.

. . .

**B.     Retaliation Claim**

In order to put forth a prima facie case of retaliation in violation of Title VII, employee must show: (a) "that she engaged in protected activity;" (b) "that she suffered a materially adverse action that would deter a reasonable employee from making a charge of employment discrimination;" and (3) "that there is a causal connection between the protected activity and the adverse action". *Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir. 2005).  If the plaintiff "provides sufficient evidence to show a prima facie case of retaliation, the burden then shifts to the [defendant] to articulate a legitimate, non-retaliatory reason for [its] actions." *Id.* at 894.  If the defendant sets forth such a reason, plaintiff "bears the ultimate burden of submitting evidence indicating that the [defendant's] proffered reason is merely a pretext for a retaliatory motive." Id. Plaintiff alleges that she made several written complaints to management, but management failed to take any action to address Plaintiff's concerns.  Plaintiff further claims that she was retaliated against and discharged because she filed a complaint with the EEOC.  Taking these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff's complaint sufficiently alleges a claim for retaliation.

**C.     Hostile Work Environment Claim**

It also appears that Plaintiff is attempting to state a claim for hostile work environment under Title VII. To establish a prima facie case for hostile work environment in violation of Title VII, Plaintiff must show: (a) "that she was subjected to verbal or physical conduct of a racial or sexual nature;" (b) "that the conduct was unwelcome;" and (c) "that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment". *Vasquez v. Cty.of Los Angeles*, 349 F.3d 634 (9th Cir. 2003).  Plaintiff alleges that she was subjected to a hostile work environment. Specifically, Plaintiff alleges that her manager, Mr. Paz, regularly harassed her and treated her abusively.  Plaintiff further alleges that she was subjected almost daily to sexual harassment, which included lewd language that was allowed by management and at one point, included management.  Lastly, Plaintiff alleges that she was subjected to overt and inappropriate sexual conduct between two co-workers during work hours, . . .

despite company policy that prohibited such conduct.  Taking these allegations as true, Plaintiff states sufficient facts to state a claim for hostile work environment.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claim for age discrimination is dismissed without prejudice with leave to amend.  Plaintiff shall have until **August 8, 2012** , to correct the noted deficiencies and file a complete amended complaint.

DATED this 12th day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

5